An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARK RIVAS, INDIVIDUALLY; AND ANDREW RIVAS, A MINOR, BY AND THROUGH MARK RIVAS, NATURAL PARENT AND GUARDIAN,
Appellants,
vs.
THOMAS ARTHUR HARPER, INDIVIDUALLY,
Respondent.

No. 62467

**FILED**

OCT 13 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from a district court judgment on a jury verdict in a tort action and from post-judgment orders denying a motion for additur or a new trial and awarding attorney fees and costs. Eighth Judicial District Court, Clark County; Valorie J. Vega, Judge.

Appellants contend that the district court abused its discretion in denying their motion for a new trial. *Nelson v. Heer*, 123 Nev. 217, 223, 163 P.3d 420, 424-25 (2007) (recognizing that a district court's decision to deny a motion for a new trial is reviewed for an abuse of discretion). Specifically, appellants contend that the jury manifestly disregarded its instructions when it failed to award appellants damages for pain and suffering. NRCP 59(a)(5) (permitting a new trial when there has been a "[m]anifest disregard by the jury of the instructions of the court"). "In determining the propriety of the granting of a new trial under NRCP 59(a)(5), the question is whether we are able to declare that, had the jurors properly applied the instructions of the court, it would have been impossible for them to reach the verdict which they reached." *Weaver Bros., Ltd. v. Misskelley*, 98 Nev. 232, 234, 645 P.2d 438, 439 (1982).

Here, the jury was instructed to award a sum of money "sufficient to reasonably and fairly compensate" appellants for their pain

14-33947

and suffering. The jury was also instructed that its award should be "just and reasonable in light of the evidence." Applying these instructions, it was possible that the jury determined that appellants' pain and suffering during their respective recovery processes did not rise to a level that warranted compensation. *Weaver Bros.*, 98 Nev. at 234, 645 P.2d at 439; *see Stackiewicz v. Nissan Motor Corp.*, 100 Nev. 443, 454-55, 686 P.2d 925, 932 (1984) ("[T]he elements of pain and suffering are wholly subjective. It can hardly be denied that, because of their very nature, a determination of their monetary compensation falls peculiarly within the province of the jury." (internal quotation omitted)). Consequently, the district court was within its discretion to deny appellants' motion for a new trial.[1] *Nelson,* 123 Nev. at 223, 163 P.3d at 424-25. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.    _____Saitta_____, J.
Parraguirre                        Saitta

---

[1]For the same reasons, the district court was within its discretion to deny appellants' request for additur. *Donaldson v. Anderson*, 109 Nev. 1039, 1042, 862 P.2d 1204, 1206 (1993) (recognizing that a district court has discretion to deny additur and that such discretion is abused only when the "damages are clearly inadequate or shocking to the court's conscience" (internal quotation omitted)). Likewise, while appellants challenge the district court's award of attorney fees and costs, that challenge is dependent on their arguments regarding the denial of their motion for additur or a new trial. Consequently, we affirm the award of fees and costs.

cc:    Hon. Valorie J. Vega, District Judge
Eva Garcia-Mendoza, Settlement Judge
Henness & Haight
Emerson & Manke, LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A